UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE LAMAR WILBURN,<br>Plaintiff,<br>v.<br>CITY OF SACRAMENTO,<br>Defendant. | No. 2:26-cv-1627 TLN AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 7. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## III. Complaint

Plaintiff alleges that on September 20, 2025, City of Sacramento police officers refused to allow him to ride the regional transit bus number 11 after plaintiff was assaulted by the bus driver, and threatened plaintiff with physical harm when plaintiff requested a ride after the officers took his statement. ECF No. 1 at 2, 3. Plaintiff previously settled with the Regional Transit Agency for $2,000.00. Id. at 2. Plaintiff alleges that the officers' actions violated California's Unruh Civil Rights Act. Id. at 3. Plaintiff alleges the officers' actions constitute deliberate indifference to the rights of Moorish (People of African Race) people. Id. at 4-5. Plaintiff asserts this court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Plaintiff alleges the officers violated his state and federal civil rights. Id. Plaintiff claims his civil rights were denied under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and the Unruh Act. Id. at 6.

## IV. Failure to State a Claim

Plaintiff's complaint cannot be served at this time because it fails to state a claim upon which relief can be granted. Because some of the deficiencies identified below may be curable by amendment, plaintiff will be provided an opportunity to submit an amended complaint.

### A. The Unruh Civil Rights Act is Inapplicable

The California Unruh Act provides in part that "[a]ll persons within the jurisdiction of

[California] are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act applies to business establishments and commercial enterprises, not to public services. See Brennon B. v. Superior Court of Contra Costa County, 13 Cal.5th 662, 675 (2022) ("The purpose and legislative history of the Unruh Civil Rights Act – and its predecessor statute – make clear that the focus of the Act is the conduct of *private business establishments*.") (emphasis in original); see also Warfield v. Peninsula Golf & Country Club, 10 Cal.4th 594, 615 (1995) (Unruh Act applies only where an entity's "activities reasonably could be found to constitute a business establishment.") Because plaintiff is suing police officers and a police department rather than a private business establishment, he cannot maintain a claim under the Unruh Act.

B. Plaintiff's Federal Civil Rights Claims are Insufficiently Pled

Plaintiff makes the general claim that his civil rights were denied under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, but he does not identify which of his rights were violated, how they were violated, or how each of the cited statutes applies. Id. at 6.

1. 42 U.S.C. § 1981

Section 1981 provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ...." 42 U.S.C. § 1981(a). To state a claim under Section 1981, a plaintiff must identify an impaired "contractual relation" by showing that intentional racial discrimination prevented the creation of a contractual relationship or impaired an existing contractual relationship. Knight v. Wells Fargo Bank NA, 459 F. Supp. 3d 1288, 1291 (N.D. Cal. 2019). This statute does not appear to apply to the facts alleged in the complaint.

2. 42 U.S.C. § 1985

"To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal

privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971)). The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted). The mere statement that defendants "conspired" is not sufficient to state a claim, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The facts alleged here do not state a claim under § 1985.

3. 42 U.S.C. § 1986

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). "A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." Id. at 626 (citing Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985)). Because plaintiff has not stated a cognizable claim under § 1985, he has not stated a claim under § 1986. Nor does plaintiff state a claim under §1988, which does not provide for an independent cause of action but governs fees and jurisdiction in civil rights cases. 42 U.S.C. § 1988.

4. 42 U.S.C. § 1983

Section 1983 is the statute most often invoked by plaintiffs seeking relief for alleged violation of their constitutional rights by public actors, including police. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added) (citations omitted). The complaint as drafted does not contain factual information sufficient to state a claim under section 1983. It does not specify which of plaintiff's constitutional rights were allegedly

violated, or how they were violated, or by which defendant(s). It is not enough to make the conclusory statement that rights were violated. Greater factual detail is required in order for the court to determine whether plaintiff can state a claim under section 1983.

The complaint suggests that plaintiff's primary concern is racial discrimination, which implicates the right to equal protection:

> The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike. … To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status.

Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (citations, internal quotation marks and punctuation omitted). Because the complaint does not include factual allegations which, if accepted as true, would demonstrate intentional discrimination on the basis of race or ancestry, it cannot be construed to state an equal protection claim.

5. Municipal Liability

Plaintiff alleges in conclusory terms that the Sacramento Police Department is liable because the violations of plaintiff's rights by the Doe defendants was caused by insufficient training. ECF No. 1 at 5. There is no vicarious liability under Section 1983, and local governments may not be sued for injuries solely caused by their employees or agents. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). Municipalities and their subdivisions may be liable under section 1983 only when their municipal actions (such as policymaking or training) caused a constitutional violation. See Monell, 436 U.S. at 690-91 (policy); City of Canton v. Harris, 489 U.S. 378 (1989) (failure to train). Here plaintiff's conclusory allegation of a failure to train does not support a plausible claim for relief. Without facts showing that the training provided to the Doe defendants was inadequate, and that the specific inadequacy was "closely related" to plaintiff's injury, City of Canton, 489 U.S. at 391, the claim against the Sacramento Police Department cannot proceed.

////

V. Leave to Amend

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. The complaint will not be served at this time, however, because the facts you have alleged are not enough to state a claim for relief. If you are claiming that your constitutional rights were violated, you need to explain which right was violated, who violated it, and how it was violated.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the

original complaint. **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento filed concurrently herewith.

3. Plaintiff's complaint is rejected with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: September 28, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE